IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID A. MATEO,                    :
                                   :   HONORABLE JOSEPH E. IRENAS
        Petitioner,                :
                                   :   CIVIL ACTION NO. 05-2912 (JEI)
    v.                             :
                                   :
UNITED STATES OF AMERICA,          :        **OPINION**
                                   :
        Respondent.                :


**APPEARANCES:**

DAVID A. MATEO, Petitioner *pro se*
# 40408-050
FCI Schuykill
P.O. Box 759
Minersville, PA 17954

CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
By: V. Grady O'Malley, Esq.
970 Broad Street, Suite 700
Newark, NJ 07102
    Counsel for Respondent

**IRENAS**, Senior District Judge:

   Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that the Government breached its plea agreement with him and that his counsel was ineffective in advising Petitioner to enter into the plea agreement. For the reasons set forth below, the Court will dismiss the motion without an evidentiary hearing.

I.

Petitioner David Mateo was indicted by a grand jury on September 25, 2001, for his role in a conspiracy to steal and resell computer equipment, in violation of Title 18, United States Code, Sections 371, 1951 and 2314.  The Indictment alleged that Mateo and other conspirators entered commercial establishments with either handguns or a sawed-off shot gun, bound employees and customers, and stole computers, computer chips and other computer equipment.  These crimes were said to have occurred in New Jersey, Pennsylvania, Florida, Texas, Ohio, Massachusetts, Virginia, South Carolina and North Carolina.

After considerable negotiation with the United States Attorney's Office, Mateo entered into a plea agreement on June 18, 2002, in which he admitted his role in a conspiracy to obstruct interstate commerce by robbery in violation of the Hobbs Act.  18 U.S.C. § 1951.

In exchange for the plea, Mateo asserts that the Government promised to resolve all pending state charges related to Mateo's offenses under the Hobbs Act.  In the plea agreement, the Government agreed to contact: (1) the U.S. Attorney's Office in Massachusetts; (2) the Camden, Morris, and Hudson County, New Jersey Prosecutors' Offices; (3) the Fairfax County, Virginia Prosecutor's Office; (4) the Addison, Texas Police Department; and (4) the Attorney General of the State of Maryland, to ensure

they would "initiate no further criminal proceedings" against Mateo. (Plea Agreement at 1) The Government also sought a downward departure from the applicable sentencing guideline range in light of Mateo's substantial assistance to prosecutors and law enforcement.

This Court accepted Mateo's plea and granted him the downward departure. He was sentenced to a sixty-three month prison term and three years of supervised release, and was ordered to pay $100,000 in restitution. Mateo began serving his term on November 5, 2002.

In July, 2004, Mateo began the pre-release process. He learned that he would be eligible for placement in a halfway house as early as November 2, 2005, except that the Montgomery County Sheriff in Maryland, the Richmond Police Department of Virginia and the Camden County Probation Office of New Jersey all lodged detainers against him, (individually the "Montgomery detainer," "Richmond detainer," and "Camden Probation detainer"), disqualifying him from the placement.

The Montgomery detainer relates to Second Degree Burglary, Conspiracy and Theft charges to which Mateo pled guilty in 1997, five years before he entered into the plea agreement at issue in this case. Mateo failed to appear for sentencing on August 26, 1997. A warrant for his arrest was issued the same day.

The Richmond detainer relates to a charge of Robbery and

Malicious Wounding.  The Richmond City County Prosecutor's Office intends to prosecute Mateo for this crime.

Finally, the Government concedes that the Camden Probation detainer should have been removed in accordance with the plea agreement.  The U.S. Attorney's Office has secured a promise from the Camden County Probation Office for its removal.

Mateo's instant motion asserts that the three detainers were covered by the plea agreement and the United States breached the plea agreement by failing to obtain removal of the detainers, which preclude his placement in a half-way house.[1]  Mateo further asserts that his counsel's negotiation of and advice regarding the plea agreement was constitutionally deficient.  He seeks specific performance of the plea agreement, or alternatively, he asks the Court to vacate and set aside his sentence.

---

[1] Mateo, pro se, has brought this action as a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.  However, he is not actually attacking his sentence, rather he attacks the Government's failures in performing its plea agreement obligations subsequent to sentencing.  Although we do not decide the issue, the Court notes that a motion attacking the execution of his sentence pursuant to 28 U.S.C. § 2241 may be a more appropriate vehicle for this type of claim.  See Woodall v. FBP, ___ F.3d ___, 2005 WL 3436626 at *4 (3d Cir. Dec. 15, 2005) ("'Section 2255 . . . is expressly limited to challenges to the validity of the petitioner's sentence. . . . Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'") (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)).

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2000); *see also* Rules Governing § 2255 Cases, Rule 1(1). The claimed error must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Unless the "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," a district court must hold an evidentiary hearing to resolve the motion. *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001). Whether to order such a hearing is within the sound discretion of the district court. *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). In exercising that discretion, the Court must accept the truth of the movant's factual allegations unless the record shows them to be clearly frivolous. *Id.*, *see also Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

### III.

#### A.

Mateo contends that he waived his constitutional right to a trial by pleading guilty in reliance upon the Government's promise that they would "contact state prosecutors and resolve all pending charges related to the Hobbs offenses." (Pet. Br. at 2-3) The plea agreement reads in relevant part:

> If David Mateo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office, as well as the U.S. Attorney's Offices in Massachusetts; the Camden County, Morris County and Hudson County, New Jersey Prosecutor's Office; the Fairfax County, Virginia Prosecutor's Office; the Addison, Texas Police Dept, and the Attorney General for the State of Maryland will initiate no further criminal proceedings against David Mateo relating to the existing prosecutions/charges in those respective jurisdictions. Furthermore, this Office will initiate no further criminal charges against David Mateo relating to any commercial burglaries committed from 1995 through July, 2001. The scope of the protection offered in the preceding sentence is limited to the criminal activity that David Mateo has revealed to this Office as of the date of this agreement.

(Plea Agreement at 1)

Mateo points to the Montgomery, Richmond and Camden Probation detainers as evidence that the Government breached its agreement. He asserts that both the Government and defense counsel told him he was signing a "'global' plea agreement" which he understood to "cover all outstanding liabilities for criminal conduct related to the robbery conspiracy" as charged in the

Indictment, "including Maryland and Virginia." (Pet. Reply Br. at 3) "As it was explained to Mateo, the reason for the federal prosecution was to consolidate all unresolved cases involving the robbery scheme. By agreeing to plead guilty, all outstanding state cases would be subsumed by the federal prosecution and resolved in one 'global' proceeding, and Mateo would serve out one 'global' punishment for the offenses." (Id. at 4)

The Government's response to Mateo's assertions is that the plea agreement's terms unambiguously cover only the specific prosecutions listed and "as such, the detainers in Richmond City County, Virginia and Montgomery County, Maryland, are not covered under the plea." (Gov't Br. at 6)

Mateo's allegation that his plea agreement was intended to cover all the outstanding state charges against him is contrary to the express language of the agreement itself.[7] Fairfax

---

[7] While Mateo suggests that the Government and his attorney made certain representations to him during negotiation of the plea agreement, we decline to consider those alleged facts. Allowing Mateo to rely on what essentially amounts to parol evidence would be contrary to both public policy and fundamental principles of contract law.

If every defendant were allowed to challenge the validity of his plea agreement by asserting that promises were made to him during negotiations, every plea agreement would be vulnerable to attack, which would in turn diminish the value and importance of plea agreements in the federal criminal justice system.

We also note that the plea agreement contains merger clause which reads: "This agreement constitutes the full and complete agreement between DAVID MATEO and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter." (Gov't Br. Ex. 3 at p. 6). *Cf. United States v. Wells*, 124 Fed. Appx. 735, 737 (3d Cir. 2005) ("We have rejected attempts by defendants to claim that the government breached an 'implicit' understanding in a plea agreement. This result is buttressed by the merger clause of the agreement.") (citing *United States v. Medford*, 194 F.3d 419, 423 & n.4 (3d Cir. 1999)).

County, Virginia was specifically identified whereas Richmond City County was excluded. As such, the Court finds no ambiguity. The Richmond City County prosecution was not covered by the plea agreement. Therefore no breach could have occurred as to the Richmond case.

Similarly, with regard to the Montgomery County prosecution, the Court holds the agreement is not ambiguous, but we reach the opposite conclusion. The Maryland Attorney General is specifically included in the agreement. The Montgomery County prosecution is the only Maryland case in evidence. Neither party asserts any other prosecution in Maryland existed. Therefore the Court concludes that by specifically identifying the Maryland Attorney General, the plea agreement encompasses the Montgomery County prosecution.

However, it would be premature for the Court to conclude that the Government has breached the agreement based solely on the outstanding warrant in Maryland. The agreement is only breached if Maryland seeks to prosecute Mateo upon his release. Thus, a decision on this issue at this time would be purely speculative. Moreover, based on the Government's actions with respect to the Camden detainer, we anticipate that the Government will honor its obligation under the agreement.

Additionally, even if a breach had occurred, all potential remedies available to Mateo would be ineffective. Half way house

8

placement is precluded by the Richmond detainer regardless of the outcome in Maryland. Ordering specific performance of the plea agreement would have no effect on whether Maryland, a sovereign State, employs its prosecutorial discretion to pursue its case against Mateo.[3] Nor would vacating Mateo's plea agreement and sentence ensure a better result. After a bail hearing, Mateo would be subject to retrial and a potentially higher sentence since he would not have the benefit of the downward departure the Government originally sought on his behalf as part of the plea agreement. This last option is particularly undesirable given that Mateo's projected release date is April 25, 2006.

For the above stated reasons, the Court declines to hold an evidentiary hearing. Mateo's claim based on breach of the plea agreement will be dismissed.

### B.

While Mateo's motion and supporting brief heavily focus on the alleged breach of the plea agreement, he also asserts that his lawyer, Michael Huff, Esq., was constitutionally ineffective[4] because Mr. Huff advised him that the plea agreement encompassed

---

[3] Even if Maryland decides to pursue the case and Mateo is found guilty, presumably a Maryland judge could sentence Mateo to time-served on his federal sentence.

[4] See Strickland v. Washington, 466 U.S. 668 (1984) (6th Amendment right to counsel is violated where attorney's performance was unreasonable under prevailing professional norms and the deficient performance prejudiced the defendant).

9

all the outstanding state cases when in fact it did not and failed to "ensure" that the Government fulfilled its obligations under the agreement. (Pet. Br. at 7)

First, the plea agreement is clear on its face. The terms of the plea agreement that Mateo attacks were not highly technical. Specific jurisdictions, including in some instances, specific counties were identified. In response to the Court's plea colloquy at sentencing, Mateo affirmed that he read and understood the plea agreement. Moreover, Mateo has demonstrated through his submissions to the Court that he is an intelligent and capable individual. All of these facts contradict Mateo's present assertion that he understood the plea agreement as encompassing all of his state cases.

Second, even if we assume *arguendo* that Mr. Huff's performance fell below the constitutional minimum, the only available remedy for this violation- vacating the plea agreement- as explained above, would be ineffective.

Accordingly, the Court declines to hold an evidentiary hearing on Mateo's ineffective assistance of counsel claim. Mateo's ineffective assistance of counsel claim will be dismissed.

**IV.**

For the reasons set forth above, Mateo's § 2255 Motion will

be dismissed. Because this Court finds that Mateo has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c). The Court will issue an appropriate order.

Date: January 4, 2006

_____
JOSEPH E. IRENAS, S.U.S.D.J.